# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1220

_____

United States of America,

           Appellee,

v.

Manola Phimphangsy,

           Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: September 24, 2010
Filed: December 9, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

On March 26, 2009, without a plea agreement, Manola Phimphangsy pleaded guilty to one count of conspiracy to distribute 3,4 methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The district court[1] sentenced Phimphangsy to 30 months' imprisonment. Phimphangsy now appeals, arguing that her sentence created an unwarranted sentencing disparity among similarly situated codefendants and that the district "court erred in denying a variance sentence

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

based on 'departure' principles." (Appellant's Br. at 12.) For the following reasons, we affirm.

In November of 2007, a confidential informant told law enforcement agents that Benjamin Talarico was distributing MDMA in the Des Moines area. Law enforcement surveilled Talarico's apartment and observed a vehicle registered to Phimphangsy. Between December 2007 and January 2008, law enforcement officials conducted multiple controlled purchases of MDMA from Talarico.

On January 19, 2008, law enforcement conducted a search of Talarico's apartment. Phimphangsy was in the apartment at the time of the search and, after receiving a <u>Miranda</u> warning, told the officers that she had known Talarico for approximately a year and a half and they had moved in together in June of 2007. She stated that she learned four or five months later that Talarico was involved with MDMA. She admitted using MDMA she had received from Talarico. She told officers that on two separate occasions she had counted and repackaged MDMA for Talarico and that she counted money for Talarico in excess of $10,000. Finally, she said that she had accompanied him when he delivered MDMA, although she did not distribute for him. In a separate interview following the execution of the search warrant, Talarico confirmed to law enforcement that Phimphangsy had counted pills and money for him and that she had accompanied him on drug deliveries.

Also involved in the conspiracy was Roberto Gomez. In December 2007, Gomez and another individual, Anthony Romeo, went on a trip to Minneapolis, Minnesota, to pick up MDMA at Talarico's direction. Gomez and Romeo traveled to Minneapolis at least one other time to pick up MDMA on Talarico's behalf, and Gomez traveled alone to Minneapolis at least twice to pick up MDMA for Talarico.

On April 23, 2008, a federal grand jury returned an indictment against Phimphangsy, Talarico, Gomez, and Romeo, charging them with knowingly and

intentionally conspiring to distribute MDMA in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.[2] All pleaded guilty. Before Phimphangsy was sentenced, Talarico was sentenced to 60 months' imprisonment, Romeo received 38 months' imprisonment, and Gomez was sentenced to time served. The Government made motions for substantial assistance on behalf of each of the other three defendants but not on behalf of Phimphangsy because she had not provided information that assisted the Government in the investigation or prosecution of other individuals.

At Phimphangsy's sentencing, the district court calculated a total offense level of 19 (after various adjustments, including a two-level downward adjustment for her role as a minor participant) and a criminal history category of I, for an advisory guidelines sentencing range of 30 to 37 months' imprisonment. After hearing argument from both parties, the district court imposed a sentence of 30 months' imprisonment. Phimphangsy now appeals, challenging her sentence.

We review sentences for reasonableness, applying the "familiar abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). First we review for significant procedural error, which may include failing to consider the 18 U.S.C. § 3553(a) factors, and then we review for substantive reasonableness under the "'deferential abuse-of-discretion standard.'" United States v. Johnson, 572 F.3d 449, 454 (8th Cir.) (quoting Gall, 552 U.S. at 41), cert. denied, 130 S. Ct. 569 (2009).

First, Phimphangsy argues that by imposing a sentence of 30 months, the district court created an unwarranted sentencing disparity among similarly situated codefendants. Section 3553(a)(6) notes that in imposing a sentence, a district court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."

---

[2]Talarico was also charged with knowingly and intentionally distributing MDMA in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Phimphangsy asserts that she was similarly situated to Gomez, who received a sentence of time served, and that the difference in their sentences amounted to an unwarranted sentencing disparity in violation of § 3553(a)(6).

Phimphangsy asserts that she and Gomez were equally culpable. However, in sentencing Gomez, the district court granted a four offense-level reduction for his role as a minimal participant in the offense. In sentencing Phimphangsy, alternatively, the district court granted only a two offense-level reduction for her role as a minor participant in the offense. Thus, clearly the district court did not believe that Phimphangsy and Gomez were equally culpable. Moreover, Phimphangsy did not appeal the district court's decision to grant a two offense-level reduction for her role as a minor participant instead of a four offense-level reduction as a minimal participant, so we will not review that decision by the district court.

Moreover, when Gomez was sentenced, the Government moved for a departure under United States Sentencing Guideline (U.S.S.G.) § 5K1.1 based on the substantial assistance he provided. The Government did not make a similar motion on behalf of Phimphangsy. See, e.g., United States v. Gallegos, 480 F.3d 856, 859 (8th Cir. 2007) (noting that a sentencing disparity between a defendant who provides substantial assistance and one who does not provide substantial assistance is not "unwarranted"). Furthermore, the district court noted at Gomez's sentencing that there were letters of recommendation on Gomez's behalf from the Des Moines City Attorney, the Polk County Attorney, and the Polk County Sheriff. It does not appear that any similar letters were written on Phimphangsy's behalf. The district court explained that there were "unusual circumstances" regarding Gomez's sentencing, and so Gomez was not similarly situated to Phimphangsy. (Sent. Tr. at 14.) Thus, the district court did not commit a procedural error by failing to appropriately apply § 3553(a)(6) in sentencing Phimphangsy and did not create an unwarranted sentencing disparity between similarly situated codefendants.

-4-

Second, Phimphangsy argues that the district "court erred in denying a variance based on 'departure' principles." (Appellant's Br. at 12.) At sentencing, Phimphangsy's counsel argued for a variance below the advisory sentencing guidelines range, noting her lack of criminal history, her role as caretaker of her small child, her full-time employment, her positive references, and that time in prison would cause her to lose much of her support system. The district court listened to these arguments but sentenced Phimphangsy at the bottom of the advisory guidelines range. At the sentencing hearing, the district court explained that "the guideline sentencing system adequately addresse[d] the circumstances of [Phimphangsy] because it [took] into consideration the most significant issues that affect[ed] a sentencing decision in her case." (Sent. Tr. at 15.) The court concluded that "based upon all of the circumstances in this case, . . . the guideline range [was] a reasonable range, but that given the circumstances of [Phimphangsy] a sentence at the bottom of the range [was] fully sufficient to support all of the appropriate sentencing considerations." (Id.) Such a sentence, within the advisory guidelines range, is presumptively reasonable. After sentencing, Phimphangsy made a motion to stay service of her sentence pending appeal, citing additional research on the problems young children face when their parents are in prison.

In denying Phimphangsy's motion to stay, the district court explained that its earlier denial of a traditional departure under U.S.S.G. § 5H1.6 was not fairly debatable because "the burden of demonstrating extraordinary family ties and responsibilities is high." (Add. at 4.) The district court went on to state that, "If considered within the framework of a variance, a similar analysis would seem to obtain. Further, it would be measured against the abuse of discretion review." Id. Reviewing the statement in context, it appears to us that after analyzing the debatability of its earlier denial of a departure based on family circumstances, the court was explaining that if it were, as an alternative, to analyze the motion as premised upon an appeal of the denial of a variance, it would reach the same result—denial of the motion to stay. Thus, the district court did not review the

suggested variance based solely on "departure" principles, as Phimphangsy alleges, because the court analyzed the motion to stay by referencing both variance and departure principles. Moreover, the district court was not incorrect in its analysis in denying the motion to stay, whether based on variance or departure principles.

Accordingly, the judgment of the district court is affirmed.

_____